16831

McJUNKIN v. WALDREP

(81 S. E. (2d) 284)

*Messrs. Hinson, Traxler & Hamer,* of Greenville, *for appellant,*

74

*Messrs. Haynsworth & Haynsworth,* of Greenville, *for Respondent,*

*Messrs. Hinson, Traxler & Hamer,* of Greenville, *for Appellant, in reply,*

April 8, 1954.

TAYLOR, Justice.

The petition for a rehearing in this case is denied but the following opinion is substituted for that filed by this Court on February 9, 1954.

Action in this case was instituted in the Court of Common Pleas for Greenville County, February 8, 1951, by appellant, Frances E. McJunkin against the respondent, Evelyn L. Waldrep, for personal injuries sustained while appellant was riding in the rear seat of an automobile owned and driven by respondent. The collision occurred on September 9, 1950, when respondent's automobile crashed into a concrete bridge, near Lovington in the State of Virginia. Appellant and two other occupants of the automobile were beauty operators, working on a commission basis in the beauty salon owned and operated by the respondent in Greenville, South Carolina. Respondent and the three beauty operators were at the time on their way from Greenville, South Carolina, to New York to take courses in advance hair styling. The beauty operators were to pay for the gasoline and oil for the trip, while respondent furnished her automobile. The beauty operators were to pay for their board and lodging while in New York but respondent testified that she was to pay the tuition for their courses.

Appellant asks fifteen thousand dollars damages, alleging acts of negligence, recklessness, willfullness and wantonness on the part of respondent in operating her automobile. Respondent in her answer set up that the collision occurred in the State of Virginia and the law of that state was applicable and plead the Virginia Guest Statute, Code 1950, § 8-646.1, contributory negligence, joint enterprise and a general denial.

The case was tried before a jury during the June, 1951, term of Court. At the close of the testimony, appellant's counsel made motions to eliminate from the consideration of the jury the defenses of the Virginia Guest Statute, joint enterprise and contributory negligence. The Court granted the motion as to the Virginia Guest Statute but refused the

motions as to joint enterprise and contributory negligence and submitted these defenses to the jury with instructions, to which appellant excepted.

The jury rendered a verdict for respondent and appellant moved for a new trial upon the grounds that the verdict was contrary to the evidence, the Court erred in submitting to the jury the defenses of joint enterprise and contributory negligence and the conduct of the trial was prejudicial to appellant. By order dated July 2, 1951, the Court refused the motion and appellant appeals to this Court contending that it was error to refuse appellant's motions as to the defense of (1) joint enterprise and (2) contributory negligence.

■ The doctrine of joint enterprise is not applicable *inter se.*

"The doctrine of joint enterprise whereby the negligence of one member of the enterprise is imputable to others, resting as it does upon the relationship of agency of one for the other, does not apply in actions between members of the joint enterprise and does not, therefore, prevent one member of the enterprise from holding another liable for personal injuries inflicted by the latter's negligence in the prosecution of the enterprise. In other words, the doctrine of common or joint enterprise as a defense is applicable only as regards third persons and not parties to the enterprise. Ordinary negligence on the part of a member of a joint enterprise, resulting in injury to the other member, renders him liable for the injury." 38 Am. Jur., Negligence, section 238.

Even though it be conceded that the parties were engaged in a joint enterprise, the standing of respondent would not be improved under this rule.

■ We are of the opinion, therefore, that appellant's motion to strike the defense of joint enterprise should have been granted.

The last exception relates to the question of contributory negligence. In view of the fact that a new trial must be had and the case will be determined by the evidence produced in that trial, it is unnecessary to pass upon this question in this appeal.

Reversed and remanded.

BAKER, C. J., STUKES and OXNER, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.